**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vincent C. ZAZZARA, etc.,
Defendant-Appellant.**

No. 79–2577.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 30, 1980.

Decided Aug. 25, 1980.

**136**

Maxine L. Zazzara, Downey, Cal., argued, for defendant-appellant.

Arthur Davidson, Asst. U. S. Atty., Los Angeles, Cal., argued, for plaintiff-appellee.

Before MARKEY *, Chief Judge, and WALLACE and HUG, Circuit Judges.

HUG, Circuit Judge:

The appellant, Vincent Charles Zazzara, was convicted for knowingly making a false statement in a loan application to a federally insured bank, in violation of 18 U.S.C. § 1014. We affirmed Zazzara's conviction on direct appeal and we subsequently upheld the district court's denial of a motion for a new trial under Fed.R.Crim.P. 33, in separate unpublished dispositions. At the time Zazzara filed his motion for a new trial, he also filed a motion to set aside his sentence, pursuant to 28 U.S.C. § 2255. The present appeal is from the district court's denial of that motion. We affirm.

Zazzara alleges two grounds in support of his motion: (1) that the indictment was obtained by knowing use of perjured testimony by the prosecution in the grand jury proceedings; and (2) that he received ineffective assistance of counsel.

I

Zazzara's challenge to the indictment centers on the grand jury testimony of John Kirk, an accountant and attorney. On June 10, 1975, an FBI agent went to Kirk's office

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

to interview Kirk. By coincidence Zazzara, whom the agent had also been told to interview, was in Kirk's office. The agent decided to interview Zazzara instead. The agent read Zazzara *Miranda* warnings and Zazzara signed a waiver form.

The agent's report of the interview indicates that Kirk acted as Zazzara's attorney at that time. Zazzara testified that he knew that his answers could be used in a subsequent criminal trial. During the interview, Kirk did not object to any of the questions. At trial, statements of Zazzara at this interview, which concerned the bank loans, were introduced.

Zazzara's claim of perjury by Kirk before the grand jury rests on the following exchange:

> Q: You have no association at all with Mr. Zazzara other than as a friend and as a business acquaintance that you have done a little bit of business with?
>
> A: Except as I have said on occasion he would want me to make a statement there, which I probably have done three or four.

Zazzara contends that Kirk's failure in the above response to mention that Kirk acted as Zazzara's attorney at the interview constitutes perjury. Zazzara further argues that because the government had in its possession the FBI agent's report that Kirk had acted as Zazzara's attorney on that occasion, the government knew of the perjury. Zazzara asserts that Kirk's testimony was crucial to the grand jury's deliberations, and that if his perjury had been revealed the grand jury would likely not have indicted Zazzara.

Zazzara's claim of ineffective assistance of counsel has two facets. He first argues that he had a right to counsel at the FBI interview and that Kirk acted as his counsel at that time, rendering ineffective assistance, in failing to properly advise him or object to FBI questions. The second part of Zazzara's argument is that his trial attorney, Carl Stewart, rendered ineffective assistance as counsel at the trial, in failing to move to suppress the indictment and in failing to do certain things during the trial.

## II

■   Zazzara's attack on the validity of the indictment is not properly raised in this section 2255 proceeding. Appellant has shown no cause why the contention was not raised before trial, when Zazzara's counsel had all the relevant information. *See* Fed. R.Crim.P. 12(b)(2) and 12(f); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). While the issue of Kirk's perjury is not properly before us as a challenge to the indictment, we do discuss it below in the context of whether a motion to suppress the indictment on such grounds should have been made by Stewart, in considering whether Stewart rendered effective assistance as counsel.

## III

Zazzara asserts that he received ineffective assistance of counsel: first, by attorney Kirk at an interrogation of Zazzara by the FBI; and second, by attorney Stewart at trial.

### A.

■   Zazzara claims that his Fifth and Sixth Amendment rights were violated because Kirk rendered ineffective assistance as an attorney at the FBI interview. Zazzara must first establish that a constitutional right to counsel existed at the time in question. The Fifth Amendment right to counsel first arises when the individual is held for custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 469–73, 86 S.Ct. 1602, 1625–27, 16 L.Ed.2d 694 (1966); *Escobedo v. Illinois*, 378 U.S. 478, 484–85, 84 S.Ct. 1758, 1761–62, 12 L.Ed.2d 977 (1964); *Jett v. Castaneda*, 578 F.2d 842, 844 (9th Cir. 1978); *United States v. Lemon*, 550 F.2d 467, 471 (9th Cir. 1977). The relevant inquiry in determining whether an interrogation is custodial is whether a reasonable person would have believed himself to be in custody. *United States v. Kennedy*, 573 F.2d 657, 660 (9th Cir. 1978). The agents just happened to encounter Zazzara in Kirk's office, where the interrogation took

place; he was not summoned there. The investigation had just begun and there was clearly no probable cause to arrest Zazzara at that time. The FBI agent exerted no pressure on Zazzara to stay; as Zazzara's own testimony revealed he was free to leave. Considering these relevant factors in the present case, see *United States v. Rubies*, 612 F.2d 397, 404 & n.8 (9th Cir. 1979); *United States v. Curtis*, 568 F.2d 643, 646 (9th Cir. 1978), we conclude the interrogation was not custodial. Zazzara's right to counsel under the Fifth Amendment had not yet arisen.

█ Nor had Zazzara's Sixth Amendment right to counsel attached at the time of the interview. Under the rule of *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), a defendant has a Sixth Amendment right to counsel at government interrogations after adversary proceedings have begun against the defendant. *United States v. Hearst*, 563 F.2d 1331, 1348 (9th Cir. 1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *United States v. Duvall*, 537 F.2d 15, 21 (2nd Cir.), *cert. denied*, 426 U.S. 950, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). The crucial element to this Sixth Amendment *Massiah* right is that adversary proceedings have begun against the defendant. Until the defendant has been arrested or indicted, whatever suspicions the police might have, the defendant is not an "accused," and, therefore, *Massiah* is inapplicable. *See United States v. Nashawaty*, 571 F.2d 71, 74–75 (1st Cir. 1978). *See also Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

In the present case, Zazzara had not been arrested nor had an indictment been issued. Indeed, at the time of the interview the investigation was just beginning. The government was attempting to discover what violations may have occurred and who might have committed them. The interview took place long before adversary proceedings against Zazzara were commenced. Zazzara's Sixth Amendment right to counsel had not yet arisen.

Zazzara's claim of ineffective assistance by attorney Kirk must fail in light of the fact that he did not have a constitutional right to be represented by counsel at the time of the FBI interview, thus we need not inquire into the effectiveness of any legal advice given at that time. "If a defendant elects to retain private counsel at a point when counsel is not constitutionally guaranteed, and that private counsel is ineffective or 'betrays' the defendant, the defendant cannot allege that his Sixth Amendment rights have been infringed upon." *Brown v. United States*, 551 F.2d 619, 620 (5th Cir. 1977).

### B.

█ Zazzara's remaining claim is that Stewart rendered ineffective assistance at trial. The principal argument is that Stewart should have moved to suppress the indictment on grounds that Kirk committed perjury before the grand jury in characterizing his business relationship with Zazzara and in failing to state that he had acted as his attorney. This attempt to find an error in Stewart's handling of the case fails because such a motion would have been futile. Kirk testified that he had prepared several financial statements for Zazzara, that the two were friendly, and that the FBI had talked to Zazzara in Kirk's office. Kirk was never asked whether he had acted as Zazzara's attorney and thus, any failure to mention that he acted as Zazzara's attorney on the spur of the moment, at the time of the FBI interview, was not perjury. Kirk's testimony to the grand jury concerned the business dealings of Kirk and Zazzara and did not concern the FBI interview of Zazzara. Viewed in context, Kirk's testimony did not involve any material misrepresentation. Any attempt to quash the indictment on the basis that it was obtained through the knowing use of perjury of Kirk would have failed; the absence of such a motion, therefore, cannot amount to ineffective assistance of counsel. *See Cooper v. Fitzharris*, 586 F.2d 1325, 1331 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

## C.

Zazzara also alleges several other instances of misfeasance by Stewart. Careful review of the record convinces us otherwise. Stewart thoroughly cross-examined all witnesses, made appropriate objections, and ably argued pre-trial motions. None of the alleged errors amounted to a lack of reasonable skill and diligence under the standards set forth in *Cooper v. Fitzharris*.

AFFIRMED.