**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Melvin Thomas WILCOX, aka Duke Taylor, Alfred Cameron, Defendants-Appellees.**

**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Alfred Lewis CAMERON, Defendant-Appellee.**

No. 79–1809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1980.

Decided Feb. 23, 1981.

Sara Criscitelli, Washington, D. C., for plaintiff-appellant.

Brent Adams, Asst. Federal Public Defender, Las Vegas, Nev., on brief; Martin H. Wiener, Reno, Nev., argued, for defendants-appellees.

Before WRIGHT and ANDERSON, Circuit Judges, and BELLONI,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

The government appeals the order of the district court granting the appellees' motions for relief under 28 U.S.C. § 2255,[1] and vacating their sentences for convictions on bank robbery and firearms charges. We reverse the court's order, and remand for further findings.

## I. BACKGROUND

On January 21, 1977, Alfred Lewis Cameron was sentenced by the United States District Court for the District of Nevada to 15 years in prison following his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). This court affirmed that conviction by memorandum disposition. *United States v. Alfred Lewis Cameron*, 566 F.2d 1184 (1977). On August

---

* The Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

1. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

30, 1977, both Cameron and Melvin Thomas Wilcox were sentenced to serve various concurrent sentences on several firearms offenses. This court also affirmed those convictions by memorandum. *United States v. Cameron and Wilcox*, 570 F.2d 352 (1978), *cert. denied, Wilcox v. United States*, 436 U.S. 912, 98 S.Ct. 2251, 56 L.Ed.2d 412, *and Cameron v. United States*, 437 U.S. 906, 98 S.Ct. 3096, 57 L.Ed.2d 1137 (1978).

Cameron and Wilcox each filed motions to vacate these sentences pursuant to 28 U.S.C. § 2255. Their separate motions stated identical claims for relief. Each claimed first that certain evidence had been seized pursuant to a warrant which had not been issued by a state "court of record" as required by Fed.R.Crim.P. 41(a),[2] and second that their respective attorneys' failure to raise the Rule 41(a) issue either at trial or on appeal constituted ineffective assistance of counsel in violation of the sixth amendment.

The facts essential to the appellees' Rule 41(a) claim may be summarized briefly. Certain evidence pertinent to both the bank robbery and firearms charges were seized by a team of federal and state law enforcement officers from an apartment where both Wilcox and Cameron had resided on at least a temporary basis.[3] The search was conducted pursuant to a warrant issued by a justice of the peace. It has been conceded that at the time the warrant issued, justices of the peace were not "courts of record" under Nevada law. As noted earlier, the Rule 41(a) argument was not raised either at trial or on direct appeal.

The district court held an evidentiary hearing at which evidence concerning appellees' ineffective assistance of counsel claim was adduced. Following the hearing, the district judge granted from the bench appellees' motions to vacate. The court did not rule on the ineffective assistance claims, but concentrated instead on the unlawful nature of the search and seizure. After noting that the introduction of the seized evidence had been prejudicial in the sense that each conviction rested heavily on that evidence, the court held that it was ". . . a violation of [appellees'] rights to due process of law to be convicted on a basis of relevant and material evidence which was unlawfully obtained by the Government." The court accordingly vacated and set aside each of the judgments of conviction and each of the sentences.

The government appeals.

## II. *DISCUSSION*

While the parties have submitted briefs on both the Rule 41(a) and ineffective assistance of counsel claims along with subsidiary issues, we find it necessary to address only the issue whether the appellees may raise the Rule 41(a) claim in a § 2255 motion. We conclude that they cannot do so.

■ The range of claims which may be raised in a § 2255 motion is narrow. The statute enumerates a limited number of claims which are cognizable: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. Where the moving party does not allege a lack of jurisdiction or constitutional error, there is no basis for collateral relief under § 2255 unless the claimed error constituted a fundamental defect which inherently re-

---

**2.** "(a) Authority to Issue Warrant.—A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district, wherein the property or person sought is located, upon request of a federal law enforcement officer or an attorney for the government."

Fed.R.Crim.P. 41(a), 18 U.S.C.A.

**3.** The parties have briefed the question whether this was a "federal" or "state" search. The government argues that the participation of federal officers in the search at issue here was so minimal that Rule 41 is inapplicable, citing decisions such as *United States v. Millar*, 543 F.2d 1280 (10th Cir. 1976). Because we ultimately conclude that the Rule 41 issue cannot be raised here in any event, we find it unnecessary to reach the quasi-"silver platter" issue.

sults in a "complete miscarriage of justice." *See United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), *quoting Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *see also, e. g., Higdon v. United States*, 627 F.2d 893, 897 (9th Cir. 1980).

■ Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255. In *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the Court held that a violation of Fed.R.Crim.P. 11, which requires *inter alia* that a judge inform a criminal defendant of any applicable special parole term before accepting a guilty plea, was not a defect resulting in a complete miscarriage of justice, nor was it "an omission inconsistent with the rudimentary demands of fair procedure." 441 U.S. at 784, 99 S.Ct. at 2087. Similarly, in *Hill v. United States, supra*, the Court held that collateral relief was not available where all that was shown was a failure to comply with the formal requirements of Fed.R.Crim.P. 32(a), which provides that the defendant has the right to address the court and provide information in mitigation of punishment prior to sentencing. *See also United States v. Addonizio, supra* (enactment of new Parole Commission guidelines which allegedly "frustrated" the intentions of the sentencing judge held not to be cognizable ground for relief under § 2255).

In this circuit, several examples of the "miscarriage of justice" standard are available. In *Higdon v. United States, supra*, we found that parole conditions which exceeded the range of discretion accorded a trial judge under the Federal Probation Act, 18 U.S.C. § 3651 *et seq.*, constituted a claim for § 2255 relief where the conditions imposed a great hardship on the parolee and were not reasonably related to his rehabilitation or the protection of the public. In *United States v. McDonald*, 611 F.2d 1291 (9th Cir. 1980), we found that an increase in a sentence following a probation revocation violated both the Youth Rehabilitation Act, 18 U.S.C. § 3653, and the prohibition

against double jeopardy, and constituted a fundamental defect which inherently resulted in a complete miscarriage of justice.

In contrast to cases such as *Higdon* and *McDonald* where prejudice or hardship flowed directly from the alleged error stand opinions which have denied § 2255 relief on the basis of more technical errors of law. In *United States v. Zazzara*, 626 F.2d 135 (9th Cir. 1980), we held that the use of perjured testimony to obtain an indictment did not constitute a claim for § 2255 relief. In a similar vein, we have denied relief for claims based upon alleged violations of the Interstate Agreement on Detainers Act, 18 U.S.C. App., in *United States v. Boniface*, 601 F.2d 390 (9th Cir. 1979), and in *Hitchcock v. United States*, 580 F.2d 964 (9th Cir. 1978). *See also Marshall v. United States*, 576 F.2d 160 (9th Cir. 1978) (violation of statutory notice provisions of Dangerous Special Offenders statute, 18 U.S.C. § 3575, held not to constitute claim for relief).

With the ground rules in mind, we now turn to the specific question whether under the circumstances of this case the issuance of a search warrant by a state court which is not a court of record constitutes a ground for § 2255 relief. Unless we find a constitutional violation or a "complete miscarriage of justice," we may not entertain the appellees' claim.

■ We cannot agree with the district court that the admission of evidence seized pursuant to the warrant violated the appellees' right to due process of law. We reject on due process grounds evidence which has allegedly been seized illegally only where admission of such evidence would offend " 'those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses.' " *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952), *quoting Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). We invoke due process to strike down procedures which are offensive to our judicial "sense of justice." *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The

use of evidence whose taint is so technical and far removed from any fundamental right does not meet this standard.[4] We conclude that no constitutional violation occurred.[5]

■ We also must conclude that by alleging a Rule 41 violation here the appellees have not alleged an error which inherently results in a "complete miscarriage of justice." While the defendants have been prejudiced by the admission of the evidence insofar as it supported the government's cases against them, they were not prejudiced by the manner in which the evidence was obtained. They were not denied the opportunity to challenge the admissibility of the evidence, nor was their ability to impeach its effectiveness impaired. In *United States v. Haywood*, 464 F.2d 756 (D.C.Cir.1972), the court held that the very same error alleged here did not constitute a ground for § 2255 relief. We concur with the D.C. Circuit and hold that under the circumstances of this case, a violation of Rule 41(a) does not afford a criminal defendant an avenue of relief under § 2255.[6]

While we conclude that appellees' Rule 41(a) claim was not properly before the district court, their ineffective assistance of counsel argument does raise a violation of the sixth amendment. The district court did not, however, pass upon that claim. Counsel has urged us to make our findings based upon the record compiled below. This we decline to do. The conclusions of the district judge who not only conducted the evidentiary hearing, but who also presided at the appellees' original trials would be especially helpful here. Accordingly, we remand to the district court for further findings on the appellees' sixth amendment claims.

### III. CONCLUSION

The judgment and order of the district court is REVERSED and REMANDED for further findings.

---

4. The cases cited by the appellees in support of the district court's due process finding deal with the state's burden of proof in criminal trials and have no relevance to the issues here. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

5. We are satisfied that no fourth amendment issue requires our attention. Appellees have not argued that a fourth amendment violation occurred. We are also unsure whether such a claim would state a ground for relief, *see Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and mean to express no opinion on that question.

6. By this opinion we do not imply that the issuance of a search warrant by an improper state court would not constitute a ground for reversal on direct appeal. *See Navarro v. United States*, 400 F.2d 315 (5th Cir. 1972).