UNITED STATES of America, Plaintiff-Appellee,

v.

John CATES, Defendant-Appellant.

No. 81–1147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1981.

Decided Dec. 14, 1981.

Rehearing and Rehearing En Banc Denied March 3, 1982.

Walter B. Nash, III, Tucson, Ariz., for defendant-appellant.

Gerald S. Frank, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before DUNIWAY and SNEED, Circuit Judges, and KELLEHER *, District Judge.

SNEED, Circuit Judge:

John Cates appeals his conviction for receipt of firearms by a felon. We affirm.

■ Appellant alleges that a state warrant to search his residence was invalid, and that, therefore, the evidence found as a result of the federal search, which was based upon the state search, must be suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). He asserts that the affidavit supporting the state warrant does not meet the requirements for the use of informants under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We disagree. The affidavit contains enough of the underlying circumstances so that the finding of probable cause was adequately supported. The informant related personally observed facts. It is not critical that he did not state how he knew that the contraband was a controlled substance. *United States v. Shipstead,* 433 F.2d 368, 372 (9th Cir. 1970); *but see State v. Matlock,* 27 Wash.App. 152, 616 P.2d 684 (1980). Also, the informant here appears to have been a disinterested party. An informant may be deemed credible where, as here, he relates sufficient detail of a crime personally observed, or where the details he relates are independently corroborated to the extent possible. *United States v. Garrett,* 565 F.2d 1065, 1070 (9th Cir. 1977), *cert. denied,* 435 U.S. 924, 974, 98 S.Ct. 1487, 1620, 55 L.Ed.2d 517, 56 L.Ed.2d 67 (1978); *United States v. Banks,* 539 F.2d 14, 17 (9th Cir.), *cert. denied,* 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976).

■ Appellant next asserts that his Sixth Amendment right to the assistance of counsel was violated, and therefore admissions he made by telephone to an officer during execution of the federal search warrant should have been suppressed. The right to counsel had not yet attached because appellant had not been arrested, arraigned or indicted. *United States v. Zazzara,* 626 F.2d 135, 138 (9th Cir. 1980); *see Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). This conclusion is not altered even if adversary proceedings were deemed to have begun on the state charges. *United States v. Missler,* 414 F.2d 1293, 1302–03 (4th Cir. 1969), *cert. denied,* 397

---

* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

U.S. 913, 90 S.Ct. 912, 25 L.Ed.2d 93 (1970); *United States v. Diamond*, 492 F.Supp. 583, 586 (D.Md.1980). *See Hoffa v. United States*, 385 U.S. 293, 307–08, 87 S.Ct. 408, 416, 17 L.Ed.2d 374 (1966). Since the appellant was not in custody when he telephoned the officer it was proper for the officer to question him without first obtaining a clear and knowing waiver of the right to presence of counsel even if the officer knew appellant was represented by counsel.

 Finally, appellant contends that handling of the seized firearms by state and federal officers in a manner that resulted in fingerprints, if any, not being preserved requires dismissal of the charges or suppression of the evidence. While the officers might have been more careful in handling the items, their actions were not unreasonable. Appellant's case was not materially prejudiced. *United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979) (en banc), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980); *see United States v. Tercero*, 640 F.2d 190, 192–93 (9th Cir. 1980).

AFFIRMED.