985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel S. KERR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 27, 1993.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-91-0628-GLT, CR-91-0026-GLT-1; Gary L. Taylor, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel S. Kerr, a federal prisoner, appeals pro se the district court's denial of his motion to vacate, set aside or correct a sentence. In his 28 U.S.C. § 2255 motion, Kerr claimed that the district court abused its discretion in ordering him to pay $20,000 in restitution after making a factual determination that he had no ability to pay the cost of incarceration or court fines. We affirm the sentence.
 
 
 3
 The range of claims which may be raised in a section 2255 motion is narrow. United States v. Addonizio, 442 U.S. 178, 184 (1978); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). "Where the moving party does not allege a lack of jurisdiction or constitutional error, there is no basis for collateral relief under § 2255 unless the claimed error constituted a fundamental defect which inherently results in a 'complete miscarriage of justice.' " United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981) (quoting Addonizio, 442 U.S. at 185).
 
 
 4
 The claimed error here--that the district court abused its discretion in ordering Kerr to make restitution--does not meet any of the established standards of collateral attack. Kerr did not claim that the order of restitution violated his constitutional rights. Nor did Kerr claim that the sentencing court was without jurisdiction to order restitution. Thus, Kerr is entitled to relief under section 2255 only if he can show that the alleged error, if not corrected, would result in a complete miscarriage of justice. See Wilcox, 640 F.2d at 972-73.
 
 
 5
 According to all of the objective criteria--federal jurisdiction, the Constitution, and federal law--Kerr's sentence is lawful. Before ordering restitution, the district court considered the relevant factors, see 18 U.S.C. § 3664(a), and the district court specifically stated that "[o]nly partial restitution is being ordered in view of the defendant's lack of resources and limited future earning ability". Moreover, a sentencing court is not prohibited from imposing a restitutionary sentence upon a defendant who is indigent at the time of sentencing. United States v. Smith, 944 F.2d 618, 624 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). Accordingly, Kerr has not established a miscarriage of justice and, therefore, cannot collaterally attack his sentence. See Wilcox, 640 F.2d at 972-73.
 
 
 6
 Section 2255 is not an available substitute for a timely appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Kerr cannot show cause for his failure to challenge the order of restitution, nor can he demonstrate actual harm resulting from the order of restitution. See id., 456 U.S. at 167; Dunham, 767 F.2d at 1397; Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir.1984).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3