45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Doby WILSON, Defendant-Appellant.
 No. 94-35312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Doby Wilson appeals the district court's denial of his fourth motion brought under 28 U.S.C. Sec. 2255 challenging his convictions for wire fraud, mail fraud, and transporting fraudulently obtained money in interstate commerce. Wilson contends that (1) he was forced to trial in violation of the Speedy Trial Act less than 30 days after the filing of a superseding indictment; (2) appellate counsel was ineffective by failing to challenge the Speedy Trial Act violation in Wilson's direct appeal; and (3) he was not arraigned on the superseding indictment prior to trial. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo the denial of a 28 U.S.C. Sec. 2255 motion, United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993), and we affirm.
 
 
 3
 A claim of legal error, as opposed to a claim of jurisdictional or constitutional error, is not cognizable in a 28 U.S.C. Sec. 2255 proceeding unless the error constitutes a fundamental defect which inherently results in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981). The Speedy Trial Act "does not require that the 30-day trial preparation period of [18 U.S.C.] Sec. 3161(c)(2) be restarted upon the filing of a superseding indictment." United States v. Karsseboom, 881 F.2d 604, 607 (9th Cir.1989). The district court has discretion to grant a continuance if the filing of a superseding indictment prejudices a defendant. United States v. Rojas-Contreras, 474 U.S. 231, 234-37 (1985); see 18 U.S.C. 3161(h)(8).
 
 
 4
 Wilson fails to show either that he asked for a continuance or that prejudice resulted from the filing of the superseding indictment. Thus, bringing him to trial less than 30 days after the filing of the superseding indictment did not violate the Speedy Trial Act. See Rojas-Contreras, 474 U.S. 231, 234-37; Karsseboom, 881 F.2d at 607. Accordingly, Wilson has failed to present a cognizable claim under 28 U.S.C. Sec. 2255. See Addonizio, 442 U.S. at 185; Wilcox, 640 F.2d at 972-73.
 
 
 5
 Because Wilson did not present his ineffective assistance of counsel claim in his section 2255 motion in the district court, we refuse to consider the claim on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990); Egger v. United States, 509 F.2d 745, 749 (9th Cir.), cert. denied, 423 U.S. 842 (1975). Similarly, we do not address his contention that he was not properly arraigned because he failed to present this claim to the district court. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3