67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jun ALINDOG, Defendant-Appellant.
 No. 94-15620.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jun Alindog appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Alindog contends that the district court erred at sentencing by imposing a two-level adjustment to his offense level for being an organizer or manager. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review the denial of a Sec. 2255 motion de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 Alindog first claims that the district court sentenced him based upon false or unreliable statements. "The use of hearsay
 
 
 4
 Alindog also claims that the evidence was insufficient to demonstrate that he was a leader or supervisor, and therefore the district court committed clear error in finding that the adjustment under U.S.S.G. Sec. 3B1.1(c) applied.
 
 
 5
 Generally, nonconstitutional sentencing errors raised in a Sec. 2255 motion, which could have been raised in a direct appeal but were not, are waived. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Furthermore, a claim of legal error, as opposed to a claim of jurisdictional or constitutional error, is not cognizable in a Sec. 2255 proceeding unless the error constitutes a fundamental defect which inherently results in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981).
 
 
 6
 Alindog waived his nonconstitutional sentencing claim by failing to appeal his sentence. See Schlesinger, 49 F.3d at 485. Moreover, the district court's finding that the evidence indicates that Alindog was a leader or supervisor, even if we assume that it was error, is not a fundamental defect resulting in a complete miscarriage of justice. Thus, Alindog has not stated a claim cognizable in a Sec. 2255 motion. See Addonizio, 442 U.S. at 185; Wilcox, 640 F.2d at 972-73.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3