83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Y.B. HAHN, Defendant-Appellant.
 No. 95-16770.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Y.B. Hahn appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for illegal possession of a firearm and of methamphetamine. Hahn attempts to challenge his conviction on the grounds of alleged illegal forfeiture and search of his vehicle. We have jurisdiction under 28 U.S.C. § 2255, and we review de novo. Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995). We affirm.[1]
 
 
 3
 Hahn's vehicle was initially seized as evidence on suspicion of auto theft. After it was released from custody, the state officials submitted the vehicle for an administrative forfeiture in connection with Hahn's drug offense pursuant to a state statute. A search of the vehicle afterwards revealed more grams of methamphetamine.
 
 
 4
 Hahn first contends that the evidence seized from the vehicle should have been suppressed as a fruit of illegal seizure because state officials violated his due process rights by providing allegedly inadequate notice of the release and the subsequent forfeiture of his vehicle. However, Hahn cannot raise the claim on collateral review because he had a full and fair opportunity to argue the illegal seizure resulting from the alleged constitutional violations at trial and on direct appeal. See Stone v. Powell, 428 U.S. 465, 481 & n. 16, 494 (1976); United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980) (pertinent inquiry is whether petitioner had opportunity to raise argument).[2]
 
 
 5
 Hahn next argues that the search of the vehicle after the forfeiture proceedings began was illegal. Again, we cannot entertain this argument. See Stone, 428 U.S. at 481 & n. 16 (1976); Hearst, 638 F.2d at 1196.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hahn's "motion to attach memorandum in support of § 2255 motion" is granted
 
 
 [2]
 To the extent that Hahn challenges the forfeiture itself, as opposed to the alleged constitutional effect of the forfeiture on his conviction, the claim is not cognizable in a 28 U.S.C. § 2255 action. See 28 U.S.C. § 2255; United States v. Wilcox, 640 F.2d 970, 972 (9th Cir.1981) (collateral attack on sentence is limited to claims that sentence imposed is unconstitutional, district court lacked jurisdiction to impose sentence, sentence exceeds statutory maximum, or sentence is otherwise subject to collateral attack)