132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard B. Bustamante, Defendant-Appellant.
 No. 96-55987.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-95-06769-HLH, CR-93-00381-HLH; Harry L. Hupp, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Richard B. Bustamante appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for attempted bank robbery and bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 2255. We review de novo, see United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and we affirm.
 
 A. Jurisdiction
 
 3
 Bustamante contends that the district court lacked jurisdiction to try him for bank robbery under section 2113. Notwithstanding that Bustamante did not present this contention to the district court in his section 2255 motion, see United States v. Hearst, 638 F.2d 1190, 1193 n. 3 (9th Cir.1980), the district court had jurisdiction, see United States v. Harris, 108 F.3d 1107, 1108-09 (9th Cir.1997).
 
 B. Fourth Amendment
 
 4
 Bustamante contends that his Fourth Amendment rights were violated when his apartment was searched. This contention lacks merit because a defendant cannot raise a Fourth Amendment challenge on collateral review when the defendant had a full and fair opportunity to do so on direct appeal. See Stone v. Powell, 428 U.S. 465, 469, 494 (1976); Hearst, 638 F.2d at 1196.
 
 C. Grand Jury Proceedings
 
 5
 Bustamante contends that the indictment was invalid because an FBI agent committed perjury and fabricated evidence at the grand jury proceedings. Bustamante cannot collaterally challenge this alleged non-jurisdictional defect in the indictment because he did not raise the issue before trial. See Hearst, 638 F.2d at 1196.
 
 D. Ineffective Assistance
 
 6
 Bustamante contends that his counsel was ineffective because she failed to: (1) challenge the search of his apartment; (2) move to dismiss the indictment; (3) object to his being compelled to wear prison clothes at trial and to being led in front of the witnesses while handcuffed and in prison clothes; (4) object to the in-court identification; and (5) raise a claim under the Speedy Trial Act. These contentions lack merit.[1]
 
 
 7
 First, even if Bustamante refused to consent to the search, an FBI agent testified that the person who rented the apartment consented to the search. See United States v. Morning, 64 F.3d 531, 536 (9th Cir.1995). Accordingly, Bustamante has not shown that he suffered prejudice as a result of counsel's omission. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Second, Bustamante has failed to show that the Government knowingly presented perjured testimony to the grand jury. See United States v. Claiborne, 765 F.2d 784, 791 (9th Cir.1985). In any event, dismissal is not required because there was sufficient truthful testimony to support the indictment. See id. Thus, Bustamante has not shown that he was prejudiced by counsel's failure to raise this claim. See Strickland, 466 U.S. at 691; United States v. Zazzara, 626 F.2d 135, 138 (9th Cir.1980).
 
 
 9
 Third, although Bustamante alleges that he appeared in prison clothes during trial, he has not alleged that his appearance in the clothes was involuntary or that the clothing was recognizable as jail clothing. See Estelle v. Williams, 425 U.S. 501, 507-09 (1976); United States v. Rogers, 769 F.2d 1418, 1422-23 (9th Cir.1985). Accordingly, Bustamante has not shown that he was prejudiced by counsel's failure to raise this claim. See Strickland, 466 U.S. at 691. Bustamante's contention that his counsel failed to object to his being led past the identification witnesses in prison clothes and handcuffs is belied by the record. Counsel moved for a mistrial on this ground, which was denied.
 
 
 10
 Fourth, although counsel did not specifically object to the in-court identification as being tainted by the victims' prior observation of Bustamante in prison clothes and handcuffs, counsel vigorously cross-examined each witness about their identification of Bustamante. Accordingly, Bustamante has not shown that he was prejudiced by counsel's failure to raise this claim. See Strickland, 466 U.S. at 691.
 
 
 11
 Fifth, although Bustamante was indicted more than thirty days after he was arrested, no Speedy Trial Act ("Act") violation occurred because he was arrested on a federal parole violation warrant, and thus his detention was not "in connection with" the robbery charges on which he was later tried. See United States v. Hoslett, 998 F.2d 648, 653 (9th Cir.1993). Even if Bustamante's parole violation and arrest stemmed from the bank robbery, the Act "requires something more than that the acts leading to detention be the same as those underlying the eventual criminal charge." See id. For instance, Bustamante has not suggested that his detention was due to the government's need to gather evidence, that the government acted in bad faith, or that "the detention for the alleged parole violation[ ] was a ruse for delay in obtaining an indictment." See id. Accordingly, Bustamante has not shown that he was prejudiced by counsel's failure to raise this claim. See Strickland, 466 U.S. at 691.
 
 E. Evidentiary Hearing
 
 12
 Finally, because the record before the district court conclusively demonstrated that Bustamante was not entitled to section 2255 relief, the district court did not abuse its discretion by refusing to conduct an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not address Bustamante's conclusory allegation that his counsel was ineffective because she did not investigate and interview certain witnesses, because he raises it for the first time on appeal. See Hearst, 638 F.2d at 1193 n. 3