John E. Clark, U.S. Atty., Wayne F. Speck, Ronald P. Guyer, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellant.

Ronald S. Schmidt (Court-appointed), San Antonio, Tex., for defendant-appellee.

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**William HALL, Defendant-Appellee.**

**No. 75–4401.**

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1977.

Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge.*

PER CURIAM:

William Hall was charged with unlawful possession of a firearm.[1] In a pretrial hearing, Hall challenged the constitutionality of the search during which the weapon was discovered. The district court granted Hall's motion to suppress. We reverse.

The search was conducted pursuant to a warrant issued by a magistrate of the City of San Antonio, Texas. The police officer's affidavit in support of his request for the warrant stated:

> Affiant did on the 23rd day of July 1975 receive information from a reliable and credible person who has on previous occasions given affiant information regarding traffic in controlled substance which has proven correct, but whose identity cannot be revealed for security reasons, that he, the said reliable and credible person did on the 23rd day of July 1975 see a controlled substance to wit: heroin unlawfully possessed by Willi Hall at the above described premises.

---

* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. 26 U.S.C. §§ 5861(d), 5871.

 

The district court held that the affidavit could not support a finding of probable cause for the search:

> Since the affidavit fails to disclose facts which show how recently the informant had supplied reliable information which had lead to a valid search, seizure or arrest, the Court holds that as a matter of law, the mere conclusion of the officer that the informant is reliable without disclosing the previous instances when the informant has given reliable information is insufficient to show probable cause that would justify the issuance of a search warrant.

The district court relied primarily on *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), to support its decision. In *Aguilar* the Supreme Court formulated a two-pronged test for judging the sufficiency of affidavits containing hearsay information:

> [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was "credible" or his information "reliable."

378 U.S. at 114, 84 S.Ct. at 1514 (citations and footnotes omitted). The district court concluded that the affidavit here did not satisfy *Aguilar's* informant reliability prong.[2]

We disagree. Our cases interpreting and applying *Aguilar* make clear that a factual basis for the credibility of an informant can be supplied by "an explicit claim of past reliability." *United States v. Tucker*, 526 F.2d 279, 281 (5th Cir. 1976); *see United States v. Mendoza*, 433 F.2d 891, 894–95 (5th Cir. 1970), *cert. denied*, 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971); *United States v. Vigo*, 413 F.2d 691, 692 (5th Cir. 1969). The officer's affidavit here contained such an explicit claim of past reliability.

Perhaps sensing the untenability of his *Aguilar* argument, Hall shifts position slightly in his brief, contending in effect that something more than the minimum required by *Aguilar* must be shown in order to sustain a warrant. To support this, Hall cites decisions in which this court has set out additional reasons why a warrant was supported by probable cause. We do not read these cases to say that our probable cause standard is any more stringent than that of the Supreme Court.

REVERSED.

---

**2.** Hall challenged the affidavit in the district court only on the basis that the informant reliability prong of *Aguilar* was not satisfied. No contention was made that the affidavit failed in any other respect to comply with *Aguilar*.