UNITED STATES of America,
Plaintiff-Appellant,

v.

Clement KOLODZIEJ,
Defendant-Appellee.

No. 82–1076.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1983.

Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., Archie Carl Pierce, Asst. U.S. Atty., Austin, Tex., for plaintiff-appellant.

Roy R. Barrera, San Antonio, Tex., Rand J. Riklin, for defendant-appellee.

## ON PETITIONS FOR REHEARING

Before WISDOM, RUBIN and TATE, Circuit Judges.

PER CURIAM:

The United States has asked the Court reconsider its ruling in this cause dated June 6, 1983 in the light of *Illinois v. Gates,* 1983, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527. The Court denies the petitions for rehearing and reaffirms its earlier judgment, *United States v. Kolodziej,* 706 F.2d 590, but withdraws Subsection B of Section III, as it was then written. In its place we substitute the following language:

B. *The Facial Sufficiency of the Affidavit*

Even without considering the marijuana found in Kolodziej's home on the day of the arrest, the government argues that there was sufficient probable cause remaining in the affidavit to support the search warrant.[3] The district court erred, therefore,

in reaching the opposite conclusion and in suppressing the fruits of the search. We disagree.

The affidavit in this case establishes that on January 23, 1981, the affiant and Department of Public Safety Investigator Troy Braswell initiated an investigation into the activities of Clement Kolodziej. On January 24, 1981, Loren Caddell, Jody Caddell, and Donnie Mitchell were arrested and 24 ounces of cocaine, 100 pounds of marijuana, and approximately $6,100 were seized. Each stated that Kolodziej had been his or her major supplier of cocaine and marijuana for the past year, and that he had been paid from $500,000 to $1,000,000 for the illegal drugs. Mitchell further stated that Kolodziej kept this currency in the trunk of his 1979 BMW automobile.

The standard for determining whether probable cause exists to issue a search warrant is if "the magistrate was provided with sufficient reliable information from which he could reasonably conclude that the items sought in the warrant were probably at the location sought to be searched." *United States v. Morris,* 5 Cir. 1981, 647 F.2d 568, 573. *See also United States v. Chester,* 5 Cir.1976, 537 F.2d 173,

---

**3.** The full text of the affidavit is as follows:

On January 23, 1981, S/A Fred B. Thomas and Dept. of Public Safety Investigator Troy Braswell initiated an investigation into the narcotics trafficking of Clement Kolodziej. On January 24, 1981, this investigation resulted in the seizure of approximately 24 ounces of cocaine, approximately 100 pounds of marihuana, a quantity of Methaqualone tablets, and the seizure of $6,160.00. The investigation further resulted in the arrest of Loren Caddell, Jody Cadell, and Donnie Mitchell. Post arrest statements individually made by all of the above defendants, each corroborating the other, revealed that Clement Kolodziej is a resident of San Marcos, Texas, and he has been their major source of supply for cocaine, marihuana, and methaqualones for the past year. Further statements made by the cooperating co-conspirators reveal that approximately $500,000 and $1,000,000 cash U.S. currency had been paid to Kolodziej as payment for narcotics supplied by Kolodziej. Cooperating co-conspirator Donnie Mitchell stated to S/A Thomas and Investigator Braswell that Clement Kolodziej kept large sums of U.S. Currency in

the trunk of his 1979 BMW license number 1981 Texas, UCY 307, and in safety deposit boxes. These funds were proceeds from the narcotic transactions and were maintained in the vehicle and safety deposit box to avoid detection of law enforcement officials.

On February 13, 1981, the above information was presented to the Federal Grand Jury, Western District of Texas, Austin Division, Austin, Texas. Indictments were returned against defendants Clement Kolodziej, Loren Caddell, and Jody Caddell. Donnie Mitchell is an unindicted co-conspirator.

On February 17, 1981, S/A Fred B. Thomas, accompanied by DPS Narcotics Investigator Troy Braswell, DPS Investigator Charles Goforth, DPS Investigator Jess Hooper, San Marcos Police Dept. Officer Paul Bataglia went to the residence of Clement Kolodziej, located at 1614 Mockingbird Drive, San Marcos, Hays County, Texas, armed with arrest warrant for Kolodziej. At the time of the execution of the arrest warrant, DPS Investigator Troy Braswell personally observed a quantity of marihuana on the kitchen counter of the residence within the reach and control of Kolodziej.

175–76, *cert. denied,* 1977, 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 548. An issuing magistrate's determination of probable cause is typically entitled to a presumption of validity. *United States v. Allen,* 5 Cir. 1979, 588 F.2d 1100, 1126, *cert. denied sub nom., Perkins v. United States,* 1979, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071. That is not the case, however, when, as here, the magistrate never considered the affidavit purged of its tainted material. *See United States v. Namer,* 5 Cir.1982, 680 F.2d 1088, 1095 n. 12; 2 W. LaFave, *Search and Seizure* § 4.4, at 68 (1978).

■ In *Illinois v. Gates,* 1983, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527, the Supreme Court articulated a new, more flexible standard for evaluating the facial sufficiency of an affidavit based on a hearsay account of an informant's tip. In so doing, it rejected a rigid application of the two-pronged test earlier established in *Aguilar v. Texas,* 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and *Spinelli v. United States,* 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Affidavits are now to be evaluated in light of the "totality of the circumstances". "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d at 548 (citations omitted). No longer do *both* the informant's reliability and the basis of his knowledge have to be set forth, for as the Court noted, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, *by a strong showing as to the other,* or by some other indicia of reliability," U.S. ——, 103 S.Ct. 2329, 76 L.Ed.2d at 545 (emphasis added).

■ We conclude that even under the more flexible "totality of the circumstances" standard established in *Gates,* the government has failed to shoulder its burden of demonstrating that there was sufficient probable cause remaining in the affidavit to support the search warrant. The affidavit states that the Caddells and Mitchell identified Kolodziej as their major drug supplier, and that they had paid him large sums for drugs in the past. It also states, in pertinent part, that "[c]ooperating co-conspirator Donnie Mitchell stated to S/A Thomas and Investigator Braswell that Clement Kolodziej kept large sums of U.S. Currency in the trunk of his 1979 BMW, license number 1981 Texas, UCY 307, and in safety deposit boxes. These funds were proceeds from the narcotic transactions and were maintained in the vehicle and safety deposit box to avoid detection of law enforcement officials." Like the district court, we read this tip as providing nothing more than a conclusion that the defendant had engaged in, and was engaging in criminal conduct. No basis of knowledge is set forth, no specific fact or circumstance which would indicate how Mitchell came to know where the money was kept, or that it was earned in illicit drug transactions. It is also silent on the narcotics themselves: Did the informant know that the defendant kept marijuana and quaaludes in his house, and where in the residence he kept them? If so, how?

■ Absent some of the underlying facts from which the informant concluded that criminal activity had taken place, a finding of probable cause is nonetheless warranted under *Gates* if a strong showing regarding the informant's reliability is made. We conclude that such a showing has not been made here. The affidavit does not contain an affirmative allegation that any of the three informants was known to be reliable. Nor does it state, as did the affidavit in *Gates,* that an independent police investigation corroborated the informants' tips. The government suggests that, viewing the totality of the circumstances, this Court should infer liability from the fact that the tips corroborated one

another, and were against the informants' penal interests. But the only information provided by the Caddells which was corroborated by Mitchell was that the defendant had supplied cocaine and marijuana for the past year, and that he had been paid large sums for the drugs. This information does not support the conclusion that a search of Kolodziej's home would reveal evidence of a crime. And while the statements were against the informants' penal interests, this Court has held that tips made to curry favor with the police, although they "do not eliminate the residual risk and opprobrium of having admitted criminal conduct, they certainly make the declaration less reliable". *United States v. Martin,* 5 Cir.1980, 615 F.2d 318, 326. *Cf. United States v. Gonzalez,* 5 Cir.1977, 559 F.2d 1271, 1273 in which this Court approved the trial court's exclusion of a statement against penal interest under Fed.R.Evid. 804(b)(3) because the declarant had been granted immunity, and because pressure from the prosecution made it in his best interest to speak. Consequently, we find that the affidavit's deficiency in having failed to set forth a factual basis for crediting the informant's conclusion was not compensated for by a strong showing of reliability. Probable cause did not exist, therefore, to search the defendant's home, automobile, and truck.