UNITED STATES of America, Plaintiff-Appellee,

v.

Luis Carlos MENDOZA and Oscar Tabares, Defendants-Appellants.

No. 83–3040.

United States Court of Appeals, Fifth Circuit.

March 19, 1984.

Michael J. Osman, Miami, Fla., for defendants-appellants.

John P. Volz, U.S. Atty., Harry W. McSherry, Marilyn Gainey Barnes, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

## ON SUGGESTION FOR REHEARING EN BANC

(Opinion December 12, 1983, 5 Cir., 1983, 722 F.2d 96)

Before RUBIN, TATE and JOLLY, Circuit Judges.

### PER CURIAM.

At the time the police searched the defendants' car and seized the cocaine that was admitted in evidence against them, the reliability of an informant's tip was determined by the two-pronged test established in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968). After defendants' convictions but before consideration of their appeal, the Supreme Court, in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), adopted the totality-of-circumstances test, expressly overruling *Aguilar* and *Spinelli.* Petitioners seek rehearing, contending that, in deciding their appeal, we should have applied the *Aguilar* and *Spinelli* test.

In 1982 the Supreme Court reviewed a number of prior decisions dealing with whether a "new" constitutional rule should be applied only prospectively. *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). The *Johnson* Court adopted Justice Harlan's view, expressed in *Desist v. United States,* 394 U.S. 244, 256, 89 S.Ct. 1030, 1037, 22 L.Ed.2d 248, 259 (1969) and his separate opinion in *Mackey v. United States,* 401 U.S. 667, 675, 91 S.Ct. 1160, 1164, 28 L.Ed.2d 404, 410 (1971): all "new" rules of constitutional law must, at a minimum, be applied to all those cases that are still subject to direct review by the Court at the time the new decision is handed down. *Johnson, supra,* 457 U.S. at 549, 102 S.Ct. at 2586, 73 L.Ed.2d at 213. The court reserved exceptions to this rule, but none is applicable here.

■ As the Court did in *Johnson,* we examine the "circumstances of this case to determine whether it presents a retroactivity question clearly controlled by past precedents," and, if not, "whether the application of the Harlan approach would resolve the retroactivity issue" in an equitable manner. In determining whether past precedent was controlling, the Court distinguished the criteria that apply when the new decision invalidates governmental action that had previously been constitutional from those applicable when the change is unfavorable to the defendant. When a decision invalidates previously constitutional governmental action by announcing an entirely new and unanticipated principle of law, it is applied only prospectively. This is the proper course because law enforcement authorities had relied on the old standard, and retroactive application of the new decision would have an adverse effect on the administration of justice.

On the other hand, the court noted that to protect a defendant from an unfavorable ruling, full retroactivity had been recognized "as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place." *Id.,* 457 U.S. at 550, 102 S.Ct. at 2587, 73 L.Ed.2d at 214. "In such cases, the Court has relied less on the technique of retroactive application than on the notion that the prior inconsistent judgments or sentences were void *ab initio,*" *id.,* 457 U.S. at 550, 102 S.Ct. at 2588, 73 L.Ed.2d at 214, hence not revivable by the new decision.

■ Like the decision in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), whose retroactivity was considered in *Johnson, Gates* "neatly fits none," *United States v. Johnson, supra,* 457 U.S. at 551, 102 S.Ct. at 2588, 73 L.Ed.2d at 214, of the categories created by prior decisions. *Gates* did not announce an entirely new and unanticipated principle of law. "It expressly overruled no clear past precedent

of this Court on which litigants may have relied," *id.,* because persons engaged in unlawful activity, like Mendoza and Tabares, could hardly have been depending on *Aguilar* and *Spinelli* to shield their illegal conduct. Furthermore, *Gates* created no entirely new principle of law because it did not "disapprove an established practice that the court had previously sanctioned."

Unlike the change in precedent announced in *Johnson,* which restricted governmental action, *Gates* announced a test more favorable to the government and less protective of those suspected of criminal activity. But it did not amount to a ruling that the trial court lacked authority to convict the defendants.

Having determined that the retroactivity question here is not clearly controlled by past precedent, we, like the court in *Johnson,* must next ask whether retroactive application of *Gates* to all cases still pending on direct appeal is fair. An affirmative answer would satisfy each of Justice Harlan's three concerns in *Desist* and *Mackey.* As in *Johnson,* retroactive application of *Gates* "to all previously nonfinal convictions provides a principle of decisionmaking consonant with" the Court's "original understanding of retroactivity," is capable of general applicability, "comports with our judicial responsibilities 'to do justice to each litigant on the merits of his own case,'" and furthers the goal of "treating similarly situated defendants similarly." *Johnson, supra,* 457 U.S. at 555, 102 S.Ct. at 2590, 73 L.Ed.2d at 217.

We reject the alternate argument that we have not correctly applied the *Gates* doctrine to the facts. We find our factual analysis is consistent with that made in *United States v. Kolodziej,* 712 F.2d 975 (5th Cir.1983), although, of course, the results are different.

For these reasons, application of *Gates* was correct. Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.