Harvey D. CHRISTIAN,
Petitioner-Appellant,

v.

Dan V. McKASKLE, Acting Director, Texas Department of Corrections, Respondent-Appellee.

No. 83–1086.

United States Court of Appeals, Fifth Circuit.

May 14, 1984.

Sylvia Mandel, Staff Counsel for Inmates, TDC, Laurel D. Owens, Huntsville, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, RANDALL and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Harvey Don Christian asks that we set aside his life sentence imposed by a Texas court upon his conviction in 1976 for possession of a controlled substance. Christian argues that he is entitled to a writ of habeas corpus on the following grounds: first, the search warrant pursuant to which the controlled substance was discovered was not based upon probable cause; second, he was denied effective assistance of counsel during his state court trial. Finding each claimed error to be without merit, we affirm the district court's dismissal of Christian's habeas corpus petition.

## I.

On April 23, 1976, Christian was stopped for speeding by two Waco, Texas, police officers. After one of the police officers spotted what appeared to be a rifle or shotgun butt on the car's floorboard, they decided to subject Christian to a pat-down search. During the pat-down, a matchbox was discovered. When the matchbox, which contained a white powder, was opened, Christian fled. He was captured by the officers and arrested. His car was impounded.

The next day, a Waco police officer applied for a warrant to search Christian's car for methamphetamine. The officer based the application on a tip received from a confidential informant. The police officer stated in the affidavit filed in support of the warrant that probable cause for his belief that methamphetamine was concealed in the car was based upon the following facts:

> On this day an informant, whose name is withheld for security reasons, told affiant that said suspected party is now keeping and possessing what the affiant believed to be methamphetamine in said suspected vehicle and stated to affiant as an underlying circumstance supporting that conclusion that with [sic] the past 24 hours, such informant saw controlled substance. Affiant believes that this information given them is reliable and that such informant is credible for the following reason: such informant, on two separate occasions during the past year, gave affiant accurate reports about law violations.

Based upon the affidavit, a Justice of the Peace of McLennan County, Texas, issued the search warrant. The search of the automobile produced one package of marijuana and two bags of methamphetamine. Christian was indicted for possession of a controlled substance, i.e., methamphetamine, and two previous felony convictions were alleged in the indictment for enhancement purposes.

At his trial, Christian's counsel challenged the pat-down search that disclosed the matchbox and contended that the subsequent discovery of the methamphetamine was the fruit of the pat-down. The trial court refused to suppress either the matchbox or the methamphetamine.

Christian was convicted by a jury. At the punishment phase of his trial, the court found that Christian had been convicted of felonies on two previous occasions and assessed his punishment at imprisonment for life.

On direct appeal, the Texas Court of Criminal Appeals affirmed Christian's conviction in an unpublished opinion. On rehearing en banc, the court reaffirmed that conviction. *Christian v. State*, 592 S.W.2d 625 (Tex.Cr.App.1980) (en banc). In its opinion, the court ruled that there was no probable cause for the pat-down search that revealed the matchbox. It held, however, that the methamphetamine taken from Christian's car was not discovered by exploitation of the pat-down search. *Id.* at 631.

Christian subsequently filed a state habeas corpus petition challenging the sufficiency of the affidavit which was used to obtain the search warrant and the effectiveness of his trial counsel. Christian based his claim of ineffectiveness of trial counsel on his counsel's failure to challenge the sufficiency of the affidavit. The state courts rejected these claims.

Christian then filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raised the same claims. The district court, finding that Christian had been afforded an opportunity for full and fair litigation of his fourth amendment claim as contemplated by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), rejected his challenge concerning the sufficiency of the affidavit. Reasoning that the sole basis for the alleged ineffectiveness was a frivolous, fourth-amendment claim, the district court also rejected the claim of ineffective assistance of counsel. Christian appeals.

## II.

■ In *Stone v. Powell*, the Supreme Court held that "where the State has pro-

vided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052. In the present case, Christian contends that the bar of *Stone v. Powell* should not apply because he was not allowed a full and fair opportunity to litigate his fourth amendment claim concerning the sufficiency of the affidavit. He argues that he was denied such an opportunity because the state habeas corpus erroneously held that his fourth amendment challenge to the affidavit had previously been adjudicated on direct appeal.

In *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir.1980), we held that the bar of *Stone v. Powell* still applies despite the fact that the consideration of the fourth amendment claim by a state habeas court had been prevented by the court's error in holding that the claim had already been presented. This court stated:

> [I]n the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits, the rationale of *Caver* dictates that *Swicegood*'s application of *Stone* despite a mistake in adjudicating the merits must apply with equal force to procedural mistakes that thwart the presentation of fourth amendment claims. Accordingly, we find that the district court correctly dismissed petitioner's fourth amendment claims as being barred by *Stone v. Powell*.

*Id.* at 220.[1] Christian's claim concerning the affidavit's sufficiency is foreclosed by *Williams*.

### III.

■ Christian contends that his counsel was ineffective because he failed to file a motion to suppress the methamphetamine seized pursuant to the search warrant.

Though unresolved in our circuit, recent decisions indicate doubt as to whether Christian's sixth amendment claim may be considered. In *Li Puma v. Commissioner, Department of Corrections, State of New York*, 560 F.2d 84 (2d Cir.1977), the Second Circuit applied *Stone v. Powell* to bar consideration of a habeas petitioner's contention that his counsel was ineffective because of his failure to file a motion to suppress. The court stated that "the fact that petitioner's claim is ostensibly grounded on the sixth, rather than the fourth, amendment does not negate *Stone*'s applicability, because at the heart of this case lies an alleged fourth amendment violation." *Id.* at 93 n. 6. On the other hand, in *Sallie v. North Carolina*, 587 F.2d 636, 640–41 (4th Cir.1978), the Fourth Circuit did not read *Stone v. Powell* to prevent habeas corpus relief in the same circumstances. Because of the manner of disposition of the case before us today, it is unnecessary for us to decide with which circuit we agree.

Here, the district court failed to consider the applicability of *Stone v. Powell* to Christian's sixth amendment claim. It held that there was no sixth amendment violation because a motion to suppress the methamphetamine would have been unsuccessful. Because we agree, we find it unnecessary to consider whether *Stone v. Powell*, in proper circumstances, would bar habeas corpus relief on a sixth amendment claim which was based on a fourth amendment violation. To prevail on his claim that he was denied his sixth amendment right to effective counsel, Christian has the burden

---

1. In *Caver v. Alabama*, 577 F.2d 1188 (5th Cir. 1978), this court observed that it is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone v. Powell. Id.* at 1192–93. In *Swicegood v. Alabama*, 577 F.2d 1322, 1324–25 (5th Cir.1978), this court held that the bar of *Stone v. Powell* still applies despite a state court error in deciding the merits of a defendant's fourth amendment claims.

of showing that his counsel's efforts were inadequate and that the counsel's ineffectiveness resulted in an actual and substantial disadvantage to the course of his defense. *Baldwin v. Maggio,* 704 F.2d 1325 (5th Cir.1983). Here, Christian would not have been prejudiced by his counsel's failure to file a motion to suppress if such a motion were to be denied.

■ In an attempt to meet his burden of showing prejudice, Christian contends that the affidavit used in procuring the search warrant was insufficient to establish probable cause. Relying on the two-prong *Aguilar-Spinelli* test for determining the sufficiency of an affidavit based upon information supplied by a confidential informant, Christian argues that the affidavit failed to establish probable cause because it contained (1) insufficient assertions of the informant's reliability and (2) insufficient assertions regarding the basis of the informant's knowledge that methamphetamine could be found in the impounded car.[2]

The affidavit, as noted *supra,* stated that "informant, on two separate occasions during the past year, gave affiant accurate reports about law violations." In *United States v. Hall,* 545 F.2d 1008 (5th Cir.1977), this court stated that its decisions made it clear that a factual basis for the credibility of an informant can be supplied by an "explicit claim of past reliability." The language of the affidavit in question revealed that the informant had proven to be a reliable source of accurate information about illegal activity. Such a statement concerning the reliability of the informant was sufficient to meet the credibility prong of the *Aguilar-Spinelli* test. *United*

*States v. Garner,* 581 F.2d 481 (5th Cir. 1978); *United States v. Hall, supra; United States v. Mendoza,* 433 F.2d 891 (5th Cir.1970), *cert. denied,* 401 U.S. 943, 91 S.Ct. 953, 28 L.Ed.2d 225 (1971).

■ The assertions of the affidavit also sufficiently describe the underlying factual basis for the informant's conclusion that methamphetamine was in Christian's car. The affidavit must be read in a realistic and common-sense manner and with a preference toward the warrant process. *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *United States v. Maestas,* 546 F.2d 1177, 1180 (5th Cir.1977). When this is done and hypertechnical consideration of the affidavit is avoided, the affidavit indicates that the informant had personally observed a specific drug in Christian's car within the past twenty-four hours. A failure of the affidavit to reveal how it was known that the substance was methamphetamine, does not prevent a conclusion that the affidavit contained sufficient assertions regarding the informer's basis of knowledge. *See United States v. Cates,* 663 F.2d 947, 948 (9th Cir.1981); *United States v. House,* 604 F.2d 1135, 1142 (8th Cir.1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980); *United States v. Shipstead,* 433 F.2d 368, 372 (9th Cir.1970).

■ Because the affidavit satisfied the *Aguillar-Spinelli* test[3] for determining the sufficiency of an affidavit based on an informer's tip, a motion to suppress by Christian's counsel would have failed. As a result, Christian has not been prejudiced

---

**2.** *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**3.** In *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527, the Supreme Court articulated a new, more flexible standard for evaluating the sufficiency of an affidavit based on an informer's tip. This court has recently held that *Gates* should be retroactively applied. *United States v. Mendoza,* 727 F.2d 448 (5th Cir.1984) (on petition for rehearing). To petitioners tried when the *Aguilar-Spinelli* test was applicable,

retroactive application of *Gates* would mean that if the writ were granted because, using the *Aguilar-Spinelli* test, his counsel's failure to file a motion to suppress was ineffective assistance, the *Gates* analysis would apply at the retrial to determine if the evidence in question was admissible. Therefore, the application of *Aguilar-Spinelli* to determine whether counsel's failure to file a motion to suppress prejudiced a petitioner may be an exercise in futility. We are, fortunately, able to leave this question for resolution by others.

by his counsel's failure to file such a motion. Therefore, Christian's sixth amendment claim of ineffective assistance of counsel is without merit.

For the foregoing reasons, the district court's dismissal of Christian's habeas corpus petition is affirmed.

AFFIRMED.