IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50051
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY FLORES TREJO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-534-1
--------------------
November 13, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny Flores Trejo appeals his jury conviction for conspiracy to possess with intent to distribute cocaine, and aiding an abetting possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 2. We address Trejo's arguments in turn.

First, the affidavit supporting the search warrant was not a "bare bones" affidavit because it stated that the officer had

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"received information from a reliable and credible individual . . . who in the past has given this officer reliable information which has proven to be true and correct as to the trafficking in controlled substances" and that the confidential informant (CI) had seen Trejo in possession of cocaine within the previous 24 hours at the location described in the affidavit. See United States v. McKnight, 953 F.2d 898, 905 (5th Cir. 1992); Christian v. McKaskle, 731 F.2d 1196, 1198, 1200 (5th Cir. 1984); see also United States v. Satterwhite, 980 F.2d 317, 321-22 (5th Cir. 1992).

Second, the Speedy Trial Act, 18 U.S.C. § 3161(b), was not violated because the thirty-day speedy-trial period started only when Trejo was indicted, and thus detained, in connection with the present crime. See United States v. Taylor,814 F.2d 172, 174-75 (5th Cir. 1987); Cowart v. Hargett, 16 F.3d 642, 645-46 (5th Cir. 1994) (applying Speedy Trial Act to state detention).

Next, evidence of Trejo's prior felony conviction was admissible under FED. R. EVID. 404(b) to show Trejo's intent, which was placed at issue by Trejo's "not guilty" plea. See United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The evidence possessed considerable probative value that was not substantially outweighed by undue prejudice under FED. R. EVID. 403. Beechum, 582 F.2d at 911.

Trejo failed to show that his admissions made at a supervised release revocation hearing were involuntary or otherwise inadmissible at trial. The trial court did not abuse its discretion by admitting the statements.

Trejo fails to show that the trial court should have given further consideration to a so-called 28 U.S.C. § 2255 motion filed prior to trial. The motion was not the proper vehicle for raising the claims Trejo asserted.

Trejo fails to show plain error where the trial court performed the functional equivalent of an in camera review of a fellow conspirator's Pre-Sentence Report ("PSR"), and where Trejo's attorney expressed complete satisfaction with the court's handling of the PSR matter. See United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1992).

The district court did not abuse its discretion by refusing to allow four witnesses to testify at the sentencing hearing to rebut the PSR. Trejo and his counsel reviewed the PSR, filed objections and a presentencing memorandum, but failed to show that there was a dispute over material facts that the court could not resolve without a hearing. See United States v. Henderson, 19 F.3d 917, 927 (5th Cir. 1994); United States v. Mueller, 902 F.2d 336, 347 (5th Cir. 1990).

The judgment of the district court is AFFIRMED.