IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-50059
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARQUIS HARDAWAY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-644-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Marquis Hardaway appeals his guilty-plea conviction for possession of cocaine and possession of a firearm in furtherance of a drug-trafficking crime. Hardaway argues that the district court erred when it denied his motion to suppress the evidence because the affidavit supporting the warrant that led to his arrest was a "bare bones" affidavit. He contends that the magistrate judge was not presented with sufficient information to make an independent probable cause determination because the only fact provided to support the affiant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion that the informant was reliable was a reference to the informant having given "true and correct" information about controlled substances in the past.

If an affidavit is based on information supplied by a confidential informant, this court examines the informant's veracity and basis of knowledge to determine if in the "totality of the circumstances" his information is credible. See United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992); United States v. McKnight, 953 F.2d 898, 904-05 (5th Cir. 1992). Detective Saenz's assertion that the informant had provided information in the past that proved to be true, reliable, and correct sufficiently established the informant's veracity. See McKnight, 953 F.2d at 904-05; see also, Christian v. McKaskle, 731 F.2d 1196, 1200 (5th Cir. 1984). Additionally, Saenz's statement that the informant personally observed Hardaway possess cocaine at Hardaway's residence twenty four hours before he gave his affidavit and that the informant knew Hardaway's alias, race, and birth date established that the informant had a sufficient basis of knowledge. See e.g., Mack v. City of Abilene, 461 F.3d 547, 551 (5th Cir. 2006); United States v. Jackson, 818 F.2d 345, 349 (5th Cir. 1987).

Thus, the information contained in the affidavit was sufficient to support a good-faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause. See Satterwhite, 980 F.2d at 320. The district court did not err when it denied Hardaway's motion to suppress the evidence.

AFFIRMED.