IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-10831
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAVARY TREYMAYNE TRIGG

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-12-ALL

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Javary Treymayne Trigg was convicted by a jury of being a felon in possession of a firearm (count one), possessing crack cocaine with an intent to distribute (count two), and possessing a firearm in furtherance of a drug trafficking crime (count three). The district court sentenced Trigg to 96 months in prison on counts one and two, to run consecutively to a 60-month term of imprisonment on count three. Trigg appeals his conviction and sentence, arguing that (1) the district court erred in denying his motion to suppress; (2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court violated Rule 404(b) of the Federal Rules of Evidence when it admitted into evidence Trigg's prior conduct; (3) the district court erred in instructing the jury regarding Trigg's prior conduct; and (4) he is entitled to a sentence reduction as a result of an amendment (Amendment 706) to the United States Sentencing Guidelines. Trigg's arguments are without merit, and his conviction and sentence are affirmed for the following reasons.

Motion to Suppress

Trigg argues that the district court erred when it denied his motion to suppress the evidence because the affidavit supporting the warrant that led to his arrest was a "bare bones" affidavit. Trigg contends that the magistrate judge was not presented with sufficient information to make an independent probable cause determination.

If an affidavit is based on information supplied by a confidential informant, this court examines the informant's veracity and basis of knowledge to determine if, in the "totality of the circumstances," his information is credible. See United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992); United States v. McKnight, 953 F.2d 898, 904-05 (5th Cir. 1992). Officer Anderson's assertion that the informant had provided information in the past that proved to be true, reliable, and correct sufficiently established the informant's veracity. See McKnight, 953 F.2d at 904-05; see also, Christian v. McKaskle, 731 F.2d 1196, 1200 (5th Cir. 1984). Additionally, Officer Anderson's statement that the informant personally observed Trigg possess cocaine at Trigg's residence less than 36 hours before Officer Anderson established that the informant had a sufficient basis of knowledge. See e.g., Mack v. City of Abilene, 461 F.3d 547, 551 (5th Cir. 2006); United States v. Jackson, 818 F.2d 345, 349 (5th Cir. 1987).

Thus, the information contained in the affidavit was sufficient to support a good-faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause. See

Satterwhite, 980 F.2d at 320.   The district court did not err when it denied Trigg's motion to suppress the evidence.

Rule 404(b) Evidence

A district court's admission of Rule 404(b) evidence is reviewed under a heightened abuse-of-discretion standard.  United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).  "Evidence of other crimes, wrongs or acts . . . to prove the character of a person in order to show action in conformity therewith" is inadmissible.  FED. R. EVID. 404(b).  Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Id.  This court reviews challenges to the admission of extrinsic evidence under Rule 404(b) with reference to the Beechum two-prong test.  United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  First, the extrinsic evidence must be "relevant to an issue other than the defendant's character."  Id.  Second, the evidence must have probative value that is not substantially outweighed by undue prejudice and must otherwise be admissible under Rule 403.  Id.

Trigg has failed to show that the extrinsic evidence was relevant only to his character.  See Beechum, 582 F.2d at 911.  Rather, the evidence was admissible under Fed. R. Evid. 404(b) because Trigg asserted a defense of a lack of intent and knowledge, and the other-acts evidence was admitted for the limited purpose of showing that Trigg had the intent to traffic drugs and that he knew the drugs to be crack cocaine.  See United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986); United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003).

Trigg has also failed to show that the probative value of the contested evidence was outweighed by the danger of unfair prejudice.  To the contrary, the similarity of the extrinsic offenses and the charged offenses, the temporal proximity of the extrinsic offenses and the charged offenses, and the district court's instruction that the evidence could be considered only with regard to Trigg's knowledge or intent satisfy the second prong of the Beechum test.  See

United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994); United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th Cir. 1998); United States v. Brugman, 364 F.3d 613, 621 (5th Cir. 2004).

Jury Instruction

Trigg argues that the district court erred when it failed to give a limiting instruction when the Rule 404(b) evidence was admitted. Trigg further argues that the limiting instruction the court gave at the close of the evidence was confusing and erroneous.

In reviewing jury instruction, we consider the charge as a whole, in view of the crime charged in the indictment, the evidence presented, and the arguments of counsel, to determine whether the jury understood the issues presented. Mozeke v. Int'l Paper Co., 933 F.2d 1293, 1296 (5th Cir.1991). "The test is whether the jury was misled in any way." Id.

Trigg's argument regarding the timing of the instruction is without merit. It is well settled that a limiting instruction need not be given when the evidence is presented, and a trial judge's instruction at the conclusion of trial is often sufficient to remedy any possible prejudicial effect of Rule 404(b) evidence. United States v. Walters, 351 F.3d 159, 167 n.5 (5th Cir. 2003).

Trigg's argument regarding the confusing nature of the instruction is also without merit. The record reflects that the district court used the limiting instruction found in Fifth Circuit Pattern Jury Instruction 1.30. As such, the charge was a correct statement of the law which clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them. United States v. Pompa, 434 F.3d 800, 805-06 (5th Cir. 2005). Accordingly, Trigg has not established that the district court reversibly erred with respect to the "similar acts" jury instruction.

Amendment 706

Trigg argues that he is entitled to resentencing pursuant to 18 U.S.C. § 3582(c)(2) because a recent amendment to the Sentencing Guidelines,

Amendment 706, lowered the base offense levels applicable to crimes involving cocaine base. If Trigg wishes to seek a sentence reduction based on the amendment, such relief should be pursued in the district court in the first instance pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10. We express no opinion on the viability of such relief as it pertains to Trigg.

Accordingly, the judgment of the district court is AFFIRMED.