# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-30207
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARNEST MCCRAY, JR., also known as Ernest McCray,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50126-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Earnest McCray, Jr., appeals his conditional guilty-plea conviction for possession with intent to distribute more than 50 grams of cocaine base and possession of a short-barreled shotgun during and in relation to a drug trafficking crime. McCray argues that the district court erred when it denied his motion to suppress because the affidavit supporting the warrant that enabled the collection of inculpatory evidence and the effectuation of his arrest was a "bare bones" affidavit. He contends that the issuing judge was not presented

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with sufficient information to make a probable cause determination because the affidavit contains conclusory and uncorroborated assertions made by a confidential informant of dubious reliability. He argues that the insufficiencies of the allegations in the warrant affidavit render inapplicable the good-faith exception to the exclusionary rule.

In reviewing a district court's denial of a motion to suppress, this court first determines whether the evidence at issue was obtained by law enforcement officials acting in "objectively reasonable good-faith reliance upon a search warrant." *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). If the good-faith exception applies, our inquiry ends, and the district court's judgment must be affirmed. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). However, if the exception does not apply, we must determine whether there was a substantial basis for finding probable cause. *Id.* An officer's reliance on a warrant is not objectively reasonable and therefore not entitled to the good-faith exception to the exclusionary rule if the underlying affidavit is "bare bones," i.e., so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See United States v. Mays*, 466 F.3d 335, 342 (5th Cir. 2006).

If an affidavit is based on information supplied by a confidential informant, this court examines the informant's veracity and basis of knowledge to determine if his information is credible under the "totality of the circumstances." *See id.*; *United States v. McKnight,* 953 F.2d 898, 904-05 (5th Cir. 1992). Detective Murphy's assertion that the informant had provided information in the past that proved to be true, reliable, and correct sufficiently established the informant's veracity. *See McKnight*, 953 F.2d at 904-05; *see also Christian v. McKaskle*, 731 F.2d 1196, 1200 (5th Cir. 1984). Moreover, Detective Murphy's averments that the informant personally observed cocaine at McCray's

residence 48 hours before the execution of the affidavit and that the informant had prior experience with the packaging and distribution of narcotics established that the informant had a sufficient basis of knowledge. *See Mack v. City of Abilene*, 461 F.3d 547, 551 (5th Cir. 2006). The affidavit further stated that the disclosures made by the confidential informant were consistent with information that Detective Murphy had received from other sources concerning unlawful drug activity at McCray's home.

Thus, the information contained in the affidavit was sufficient to support a good-faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause. *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). Accordingly, the district court did not err when it denied McCray's motion to suppress the evidence.

AFFIRMED.