# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2010

No. 10-40081
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH WAYNE SHAW, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-188-1

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Shaw, Jr., pleaded guilty to being a felon in possession of a firearm and ammunition. He reserved his right to appeal the denial of his motion to suppress evidence. His sole contention on appeal is that the policeman's affidavit supporting the search warrant was a "bare bones" affidavit so lacking in any indicia of probable cause that reliance on the warrant was unreasonable. He argues that the affidavit revealed no basis for the knowledge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or reliability of two confidential informants (CIs) and that the CIs' information did not support a search warrant.

If a search warrant is supported by more than a bare bones affidavit, the officers executing the warrant may rely in good faith on the warrant, even if it is subsequently invalidated. *United States v. Leon*, 468 U.S. 897, 922-23 (1984); *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). A bare bones affidavit is one that contains wholly conclusory statements and is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923; *Satterwhite*, 980 F.2d at 321 (internal quotation marks and citation omitted). We apply de novo review to the sufficiency of the warrant and to the reasonableness of a policeman's reliance on the warrant. *Satterwhite*, 980 F.2d at 321; *see United States v. Cherna*, 184 F.3d 403, 406-407 (5th Cir. 1999). Unless the defendant's motion concerns a novel question of law, it is unnecessary to address the issue of whether there was probable cause for the search if we determine that the good faith exception to the exclusionary rule applies. *Satterwhite*, 980 F.2d at 320.

Whether an affidavit is a bare bones affidavit is determined under the totality of the circumstances. *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994). Such a determination examines the veracity, reliability, and basis of knowledge of a confidential informant. *Id*. Although we review the sufficiency of the warrant de novo, a magistrate must be allowed to draw reasonable inferences from the affidavit, and the ultimate determination of its adequacy is entitled to great deference on review. *United States v. May*, 819 F.2d 531, 535 (5th Cir.1987). "Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *Id* (internal quotation marks and citation omitted). Rather, the affidavit must be construed "in a common sense manner." *United States v. Jackson*, 818 F.2d 345, 348 (5th Cir. 1987) (internal quotation marks and citation omitted). There is no requirement that all of an informant's tips be corroborated by police

investigation in order to be considered credible. *See United States v. Blount*, 123 F.3d 831, 836 (5th Cir. 1997) (en banc).

The affidavit stated in pertinent part that,

> Your Affiant has received information from a Confidential Informant, referred to as a CI that the CI has personally seen SHAW in possession of two (2) handguns, described by the CI as being semi-auto handguns and possibly being .45 caliber, within the last 72 hours. Your Affiant has also received information from another CI that there is a locked box in the closet in this one bedroom apartment that contains an additional handgun. Your Affiant has also received information from numerous concerned citizens that SHAW has been seen carrying a handgun on his, SHAW'S, person. The CI's have been proven true, correct, and reliable in past.

This case does not concern a novel question of law, so we turn to the good-faith exception to the exclusionary rule. We have upheld similar affidavits based on the personal observations of a previously reliable informant. *See United States v. McKnight*, 953 F.2d 898, 904-05 (5th Cir. 1992) ("The Constable's assertion that the confidential informant was 'reliable' and had 'furnished him with information in the past that has proved to be reliable and true' provided the magistrate with sufficient indicia of the reliability and veracity of the informant's tip."); *Satterwhite*, 980 F.2d at 321 (approving of an affidavit that "provided the magistrate with facts, and not mere conclusions"); *Christian v. McKaskle*, 731 F.2d 1196, 1198, 1200 (5th Cir. 1984) (finding that "a factual basis for the credibility of an informant can be supplied by an 'explicit claim of past reliability'"; and finding that an affidavit was adequate where the CI asserted that he saw drugs at a location within the previous 24 hours). In this case, it is notable there were two distinct, previously reliable confidential informants who provided information about the defendant's possession of firearms, as well as information from "numerous concerned citizens." Additionally, the second confidential informant provided a specific description of where the handgun could be found in the defendant's apartment, providing a

sufficient nexus between the evidence and the place to be searched. Under a common sense reading of the affidavit, a magistrate could presume that the second confidential informant must have had some familiarity with the defendant's residence in order to describe the firearm's location with such specificity. The police officer-affiant, who also participated in the search, explained at the defendant's suppression hearing that the defendant's address was common knowledge to him based on years of patrolling the area and his recent investigation of the defendant for drug trafficking.

Under the totality of the circumstances, and affording proper deference to the magistrate who read the affidavit and issued the warrant, the affidavit set forth ample facts and circumstances from which the magistrate could reasonably find probable cause. The good faith exception to the exclusionary rule therefore applies, and the judgment of the district court is AFFIRMED.