# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50834
CONSOLIDATED WITH
No. 23-50837

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN DAVID ANDERSON,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 1:22-CR-43-1, 1:22-CR-203-1

_____

Before ELROD, OLDHAM, AND WILSON, *Circuit Judges.*

PER CURIAM:[*]

Jonathan David Anderson entered a conditional guilty plea to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to 90 months of imprisonment and five years of supervised release. As a consequence of this new violation, Anderson's supervised release term for a

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

prior methamphetamine trafficking conviction was revoked, and he was sentenced to 20 months of imprisonment, to run consecutively to his sentence for the new § 841 conviction. In these consolidated appeals, Anderson appeals his new § 841 conviction and the revocation of his supervised release. However, because Anderson's appellate brief does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to the revocation judgment. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

As part of his conditional guilty plea, Anderson reserved the right to appeal the district court's denial of his motion to suppress the evidence recovered from a warranted search of his hotel room. Anderson argues that the good faith exception to the exclusionary rule should not apply because the affidavit offered in support of the search warrant was bare bones in that it was based upon statements made by insufficiently reliable informants or wholly unidentified sources. When reviewing a denial of a motion to suppress evidence, we "review questions of law de novo and factual findings for clear error, viewing the evidence in the light most favorable to the prevailing party." *United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019) (internal quotation marks and citation omitted).

Contrary to Anderson's arguments, the affidavit supporting the search warrant was not bare bones. Under the totality of the circumstances, *see United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994), the affidavit provided more than conclusory statements, including that the primary confidential informant had provided reliable and credible information in previous narcotics investigations and that the informant had observed methamphetamine in the hotel room within the 24-hour period preceding the execution of the affidavit, *see United States v. McKnight*, 953 F.2d 898, 904–05 (5th Cir. 1992); *see also Christian v. McKaskle*, 731 F.2d 1196, 1198, 1200

(5th Cir. 1984).  Given that affidavits must be construed "in a common sense manner," *United States v. Jackson*, 818 F.2d 345, 348 (5th Cir. 1987) (internal quotation marks and citation omitted), with great deference to an issuing judge's determination of probable cause, *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987), the district court did not err in finding that the affidavit in the instant case was not bare bones, *see Gentry*, 941 F.3d at 780; *McKnight*, 953 F.2d at 905.

Accordingly, the district court's judgments are AFFIRMED.